IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARY COOPER, o/b/o O.K., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10-cv-197-MEF |
| | ) | [wo] |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law.  On January 10, 2007, Mary Cooper ("Cooper") applied  for supplemental security income benefits under Title XVI, 42 U.S.C. §§ 1381 *et seq*., on behalf of her minor son, O.K., who is now 17 years old. After the administrative denial of her application, O.K. petitioned for and received a hearing before an administrative law judge ("ALJ").  On August 7, 2009, the ALJ held that O.K. was not disabled as defined in the Social Security Act.[1]  On February 23, 2010, the Appeals Council rejected review, thus, the decision of the ALJ became the final decision of the Commissioner of Social Security ("Commissioner").[2]  Judicial review proceeds pursuant to 42 U.S.C. § 405(g), and for reasons herein explained, the Magistrate Judge recommends the Commissioner's decision be

---

[1]R. at 29.

[2]R. at 1.

REMANDED for further proceedings.

## I.   STANDARD OF REVIEW

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 includes the standard which defines child disability under the Social Security Act.  *See* PUB. L. NO. 104-193, 110 Stat. 2105, 2188 (1996).  The statute provides that an individual under 18 shall be considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i) (1999).  The sequential analysis for determining whether a child claimant is disabled is as follows:

> 1.  If the claimant is engaged in substantial gainful activity, he is not disabled.
>
> 2.  If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment.  If the claimant's impairment is not severe, he is not disabled.
>
> 3.  If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or functionally equals in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  If the impairment satisfies this requirement, the claimant is presumed disabled.

*See* 20 C.F.R. § 416.924(a)-(d).

If an ALJ finds a child's severe impairments do not meet or medically equal regulatory Listings, he must determine whether the impairments are "functionally equivalent"

to the Listings.  This task requires an ALJ to assess the degree to which a child's limitations interfere with normal life activities.   Regulations specify six major domains of life for evaluation:

> (i)  acquiring and using information;
> (ii) attending and completing tasks;
> (iii) interacting and relating with others;
> (iv) moving about and manipulating objects;
> (v) caring for oneself; and
> (vi) health and physical well-being.

20 C.F.R. § 416.926a(b)(1).  If a child has "marked" limitations in two of these domains, or and "extreme" limitation in one, the child is considered to have "functionally equaled" the Listing.  *Shinn ex rel. Shinn v. Commissioner of Social Sec.*, 391 F. 3d 1276, 1279 (11th Cir. 2004).  The Commissioner's regulations provide that if a child's impairment or impairments does not meet,  medically equal, or functionally equal a listed impairment, the child is not disabled.  *See* 20 C.F.R. § 416.924(d)(2).  In reviewing the Commissioner's decision, the court asks only whether his findings concerning the steps are supported by substantial evidence.  *Shinn*, 391 F.3d at 1282.

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  If the Commissioner's decision is supported by substantial evidence, the district court will affirm.  The district court

must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.  Even if we find that the evidence preponderates against the Secretary's decision, the Court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler* , 703 F.2d 1233, 1239 (11th Cir. 1983).

The district court will also reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).  There is no presumption that the Commissioner's conclusions of law are valid.  *Id*.; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

## II. ADMINISTRATIVE FINDINGS

O.K. was a sixteen year old, tenth grade student during the administrative hearing on April 21, 2009.[3]  Cooper testified that O.K. suffers from mental retardation that limits his ability to adapt to socially, academically, and autonomously.[4]  Cooper testified that O.K. was not in regular classes at a public school on the hearing date.[5]  Cooper testified that the school board referred O.K. to an alternative school, Career Vo-Tech, because O.K. brought a

---

[3]R. at 32-33.

[4]R. at 37-43.

[5]R. at 33-34.

weapon to school.[6]   Cooper testified further that O.K. brought the weapon to school to

protect himself from kids who were teasing him.[7]   Cooper testified that in May 2008 a family

member attempted to molest O.K.[8]   Cooper stated that she pressed criminal charges against

the family member which resulted in his arrest and imprisonment.[9]   Due to the traumatic

event, Cooper testified that she took O.K. to a psychiatrist who diagnosed "traumatic

stress."[10]   O.K. attends class 3 days a week for two hours per day and behaves well in class.[11]

Cooper also testified that O.K. does not do homework or play sports.[12]   O.K. has only one

friend, and they will occasionally play video games together.[13]   Cooper testified that O.K.

requires supervision for simple tasks such as remembering to bathe, brush his teeth, going

to the store, handling money, and performing the occasional household chore.[14]

    A medical expert testified as to O.K.'s medical conditions.  She said O.K. needed

updated records to determine whether O.K. would meet or equal the listings at 20 C.F.R. 404

---

[6]R. at 34.

[7]R. at 34.

[8]R. at 36.

[9]R. at 36.

[10]R. at 17.

[11]R. at 35.

[12]R. at 38.

[13]R. at 39.

[14]R. at 36-38.

Subpart P.[15]   The expert stated at that point in time there was clearly a marked impairment in acquiring and using information.[16]   The ALJ ordered several psychological tests and requested updated school records.[17]

The ALJ found that O.K. never engaged in substantial gainful activity, and had not done so since January 10, 2007, the alleged onset date of disability.[18]   The ALJ concluded the medical evidence supported findings of the following "severe" impairment: borderline intellectual functioning.[19]   The ALJ found O.K. to have the following abilities or impairments in the specified domains: (1) less than marked limitation - acquiring and using information; (2) less than marked limitation- attending and completing tasks; (3) less than marked limitation- interacting and relating with others; (4) no limitation - moving about and manipulating objects; (5) less than marked limitation - caring for herself, and, (6) no limitation - health and physical well-being.[20]   The ALJ applied the guidelines for determining disability using the domains of functioning method at 20 CFR 416.926a(e) to conclude that O.K.'s impairment of functioning did not meet the levels necessary to establish disability.[21]

---

[15]R. at 44.

[16]R. at 44.

[17]R. at 44-46.

[18]R. at 17.

[19]R. at 17.

[20]R. at 23-29.

[21]R. at 23, 34.

Accordingly, the ALJ found O.K. was not disabled within the meaning of the Social Security Act.[22]

### III. ISSUES

Cooper presents two issues for judicial review:

1. Whether the ALJ erred in failing to provide specific rationale for rejecting Cooper's testimony.

2. Whether the ALJ committed legal error at step three of the evaluation process.

### IV. DISCUSSION AND ANALYSIS

Cooper argues the ALJ erred in failing to provide specific rationale for finding Cooper's testimony not credible. The Commissioner argues the ALJ properly determined Cooper's credibility because he considered the opinions of Dr. Bernardo (O.K.'s primary physician) and Ms. Borders (Cooper's neighbor). The ALJ must articulate specific and adequate reasons for finding a claimant not credible or the record must be obvious as to the credibility finding. *Foote*, 67 F.3d at 1561-62; *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). If a credibility determination is critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Foote*, 67 F.3d at 1562 (quoting *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983)) (although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court). In *Murray v. Astrue*, the ALJ's decision

---

[22]R. at 29.

stated:

> [a]fter considering the evidence of record, the undersigned finds
> that the claimant's medically determinable impairments could
> reasonably be expected to produce the alleged symptoms, but
> that the statements concerning the intensity, persistence and
> limiting effects of the claimant's symptoms are not entirely
> credible. (R. 15). The ALJ next summarizes the administrative
> and medical record and Dr. Garner's hearing testimony and
> applies that evidence to evaluate plaintiff's functioning in the six
> domains. (R. 15-22).

*Murray v. Astrue*, 2008 WL 4368995, *6 (M.D. Ala. 2008). The Court found this language

insufficient to supply it with the reasons necessary to determine what particular rationale the

ALJ used for his credibility determination. *Id.* This language is the exact language used

here, and for the same reasons, similarly insufficient.[23] The Court must be able to discern

what parts of Cooper's testimony were credible, which parts were not credible, and what

about the testimony was inconsistent with other testimony. Rote recitation of the medical

evidence is not the same as legal analysis. The ALJ's summarized facts may support reasons;

however, the ALJ must articulate those reasons in a manner that provides the Court with the

requisite information that the applicable law was applied and supported by substantial

evidence. The Commissioner reasoned that Cooper lacked credibility because she asserted

that O.K. had greater limitations than found by the ALJ. Yet, the Court's review of the ALJ

decision did not ferret out such information. The Commissioner's regulations require that

a written decision contain several elements.

---

[23]R. at 19.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphasis added).

The ALJ's written decision fails to state reasons as required by the regulations. The decision recites the evidence and states conclusions but fails to provide the Court with application of the facts to the law or the regulations. This type of analysis is necessary for the formulation of reasons. The failure to provide the Court with this analysis is the reason for remand.

As to the second issue, Cooper contends that the ALJ committed legal error at step three of the evaluation process. At step three, if the ALJ finds that the child's impairment is severe, the ALJ must then determine whether the impairment or combination of impairments meets or medically equals the severity of a listed impairment described in 20 C.F.R. Pt. 404, Subpt. P, App. 1. § 416.924(d). A child's limitations "meet" the limitations in the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment. A child's limitations "medically equal" the limitations in the Listings if the child's limitations "are at least of equal medical significance to those of a listed impairment." *Id.* If the child's impairment meets or medically equals a listing, the child is disabled. *Id.* When the ALJ stated that O.K. failed to meet or medically equal a listing, he failed to properly explain why he considered the more recent IQ test score more persuasive

than previous IQ scores.[24]  There were three sets of IQ scores for O.K.[25]  The ALJ may reject

IQ scores if they are inconsistent with the remainder of the record.  *Popp v. Heckler*, 779

F.2d 1497, 1499-1500 (11th Cir.1986) (upholding ALJ's determination that claimant is not

mentally retarded despite valid, qualifying IQ score because claimant was close to obtaining

a college degree).  In this particular case, however, the ALJ failed to resolve the apparent

contradictions between O.K.'s school performance and his low IQ scores; thus, the bases for

any implicit rejection of Claimant's IQ scores are not rationally articulated.[26]

      The ALJ may not arbitrarily pick and choose facts from the evidence to support his

conclusions without articulating specific, well supported reasons for crediting some evidence

while discrediting other evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839, 840-841 (11th

Cir.1992). "Conflicts in the evidence ... are to be resolved by the [Commissioner], not by the

courts." *Oldham v. Schweiker*, 660 F .2d 1078, 1083 (5th Cir.1981) (citing *Laffoon v.

Califano*, 558 F.2d 253, 254-55 (5th Cir.1977)); *see also Scharlow v. Schweiker*, 655 F.2d

645, 648 (5th Cir. 1981) ("[T]he ALJ has primary responsibility for responsibility for

resolving conflicts in the evidence."). When there is a conflict, inconsistency or ambiguity

in the record, the ALJ has an obligation to resolve the conflict, giving specific reasons

supported by the evidence as to why he accepted or rejected one opinion over another.

---

[24] R. 19-22.

[25] *Id.*  In 2002, O.K.'s Full Scale IQ score was 71.  In 2007, O.K.'s Full Scale IQ score
was 68.  In 2009, O.K.'s Full Scale IQ score was 75.

[26] R. 143-160.

Additionally, the Eleventh Circuit has a presumption that mental retardation is a condition that remains constant throughout life. *Hodges v. Barnhart*, 276 F.3d 1265, 1266 (11th Cir. 2001). The Eleventh Circuit "recognize[s] that a claimant meets the criteria for presumptive disability under listing 12.05(C) when the claimant presents a valid I.Q. score of 60 to 70 and evidence of additional mental or physical impairment." *Id.* at 1269. For the reason set forth above, the Court is unable to properly evaluate the ALJ's decision. On remand, the ALJ is directed to provide specific rationale to support the credibility findings and Step 3 legal analysis, citing record evidence.

## V.   CONCLUSION

For the reasons explained in this *Recommendation*, the Magistrate Judge concludes that the ALJ's decision is not supported by substantial evidence and proper application of the relevant law, and therefore, **RECOMMENDS** that the decision of the Commissioner be **REMANDED for further proceedings consistent with this opinion**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation by **May 2, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

 DONE this 18th day of April, 2011.

     /s/ Terry F. Moorer
     TERRY F. MOORER
     UNITED STATES MAGISTRATE JUDGE